## GARBANATI *v.* BECKWITH.

SUMMONS: PRESUMPTION OF SERVICE.—This court cannot presume, in any case, that a summons was duly issued and served, unless the record affirmatively shows these facts.

ERROR to the District Court of Uinta County.

The facts are stated in the opinion.

*H. Garbanati*, for plaintiff in error.

*W. W. Corlett*, for defendant in error.

BLAIR, J.   It appears from the record in this case, that one . Jesse Knight, a justice of the peace, in and· for Uinta county, on the 7th day of June, A. D. 1878, at the instance and request of the plaintiff in error, issued a summons directed to the proper officer of said county, commanding said officer to summon A. C. Beckwith, the defendant in error, to appear at the office of said justice on the 12th day of June, A. D. 1878, to answer the action of the plaintiff in error as assignee of T. Hofer, to recover the sum of $36.63, claimed to be due from the defendant to the plaintiff in error.   It further appears · that Beckwith appeared to the action and filed a general denial and also payment.

The justice rendered judgment in favor of the defendant, and against the plaintiff.   And thereupon the plaintiff took an appeal to the district court with no better success, judgment being rendered against him.   Not being weary in search of substantial justice, he sues out a writ of error, and brings his case to this court, where substantial justice is known to be administered in all its purity.

The facts in the case as gathered from the record, are in substance as follows:   That a day or two prior to the 21st

of May, A. D. 1878, the defendant in error being indebted to one T. Hofer, gave said Hofer his check for the sum of $50.63., That afterwards the defendant paid Hofer a part of said sum, leaving a balance on May 21st A. D. 1878, of $36.63, due Hofer on said check. That at the time defendant paid Hofer the payment aforesaid, he retained possession of said check, and through his authorized agent executed to Hofer a paper writing to the effect, that there was due Hofer on said check the sum of $36.63, mentioned as aforesaid.

Hofer, it appears, like the plaintiff in error in this court, had also at sometime prior to this transaction, been in pursuit of substantial justice, and in order to effectually guard against the most remote probability of his failing to obtain it, and that speedily, secured the professional services of the plaintiff in error to assist him in his laudable efforts, and to compensate him therefor, he assigned to the plaintiff in error the writing aforesaid.

Up to the hour of this transaction in this case, no cloud was visible, not even to the size of a man's hand, to foretell the coming storm. Hofer had rendered to Cæsar that which was Cæsar's, and no doubt experienced the pleasure that always flows from duty well performed.

Garbanati, too, was doubtless also anticipating, if not realizing that enjoyment which is the true reward of honest toil; but disappointment in this life seems to be the inheritance of all men. It was so in this case, as the unwelcome news was soon communicated to the plaintiff in error, that one Rattelle, claiming to be a creditor of his client Hofer, had brought suit the day prior to the assignment aforesaid, against the said Hofer, to recover a certain sum he claimed to be due him, and had summoned the defendant Beckwith as garnishee. A judgment appears to have been rendered in the justice court against Beckwith as garnishee for the amount due Hofer, and an order made that Beckwith pay the same into the justice court.

Beckwith now being between two fires which threatened

his destruction, sought to defeat the action of the plaintiff in error by showing that he had been garnished by Rattelle, the creditor of Hofer, and that too, prior to the service of the summons of the plaintiff as assignee of Hofer. Unfortunately for the defendant in error, there is nothing in the record to show that any summons was ever issued or served on Hofer, in the suit of Rattelle against him, or that any judgment was rendered in the case.

In the absence of evidence to prove these facts, this court cannot presume that a summons was duly issued and served, and a judgment legally rendered against Hofer and in favor of Rattelle the alleged plaintiff; and more particularly when the counsel for the defendant in error, in his statement of the facts in the case, before the district court, admitted, " That the proceedings as far as the garnishment is concerned, may not have been strictly in compliance with the law."

This court is therefore of opinion that there is error in the judgment of the court below, and that the same should be reversed, and judgment be entered for the plaintiff in error, for the amount of the plaintiffs' claim with legal interest thereon. And it is so ordered.

Judgment reversed.

PECK, J., dissenting. The plaintiff sued the defendant in a justice's court in Uinta county in 1878, suffered judgment, and entered an appeal from it in the second judicial district court, as sitting in and for that county; judgment was there rendered against him, and he has brought it here for review; all the proceedings below, subsequent to the entry of the appeal, purport to have transpired in the last named court, as sitting in and for that county, a part of them as presided over by the judge of the second, the residue, as presided over by the then chief justice, the judge of the first judicial district. No objection was made below for want of jurisdiction in the second

judicial district court to take cognizance of the case, or for want of competency in the judge of the second district to sit in it; nor has either objection been raised here by either party. Upon the principles, which I have endeavored to elucidate in the case of this plaintiff against Beckwith & Co., previously decided at this term, the judgment should have been reversed, and the case dismissed.

. If the judge of the second district could not hold his court in that county, neither could another do it.